## CLYDE D. YOUNG v. STATE.

No. A-6553.   Opinion Filed Feb. 23, 1929.
(274 Pac. 895.)

Guy D. Talbot, Clyde Wyand, and C. B. Leedy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Woodward county on a charge of bigamy, and his punishment fixed at confinement in the state penitentiary for a term of five years.

The case was tried in September, 1926, and the appeal lodged in this court in April, 1927. No briefs in support of the appeal have been filed, nor was there any appearance for oral argument at the time the case was submitted.

Where an appeal is prosecuted to this court upon conviction for a felony, and no briefs in support of the appeal are filed, and no appearance for oral argument made, this court will not search the record to discover some error upon which to predicate a reversal, but will examine the record for jurisdictional or fundamental error, and if none appear, and the evidence reasonably supports the verdict, the judgment will be affirmed.

The record presents a very unusual state of facts. Defendant admits the marriage alleged to be bigamous and the prior marriage, both of which were solemnized in this state, but in his oral testimony claimed to have been divorced in the courts of Kansas City, Mo. He tendered what was claimed to be a certified copy of the decree. It was rejected as not complying with the act of Congress relating to the authentication of foreign judgments, and for the further reason that it was mutilated and altered. If defendant were divorced, surely this deficiency would have been supplied on motion or supplemental motion for new trial. The failure to show the decree of a court as accessible as Kansas City must have been because it did not exist.

The evidence supports the verdict, and no jurisdictional or fundamental error is apparent.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.